**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| Best Drinks, LLC, a Virginia limited liability company | Case No. 1:25-cv-1711 |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| Consorzio Di Tutela Della Denominazione Di Origine Controllata Prosecco, an association incorporated under the laws of Italy | |
| Defendant. | |

Plaintiff Best Drinks, LLC ("Best Drinks" or "Plaintiff"), by and through their attorneys, for its Complaint against Defendant, Consorzio Di Tutela Della Denominazione Di Origine Controllata Prosecco ("Consorzio" or "Defendant") alleges as follows:

## NATURE OF ACTION

1.     .  Plaintiff brings this action pursuant to the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1114(2)(D), and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, to obtain a declaration of lawful use of the domain names <prosecco.com>, <proseccoDOC.com>, and other prosecco-related domain names owned by Best Drinks (collectively, the "Domain Names"), and to prevent their unlawful transfer and/or any order to cease use.

2.     Through this Complaint, Plaintiff seeks declaratory relief to establish that its registration and use of the Domain Names  are lawful under the Lanham Act, 15 U.S.C. § 1051 et seq., and that Plaintiff is the rightful owner of the Domain Names. Subject-matter jurisdiction is proper under 28 U.S.C. §§ 1331, 1338, and 2201, as well as 15 U.S.C. § 1121, because this action presents a federal question arising under the ACPA 15 U.S.C. §§ 1114(2)(D)(iv)–(v) and 1125(d).

3.    Plaintiff further seeks to prevent the transfer of the Domain Names to Defendant in light of foreign litigation currently pending in the United Kingdom. That litigation—brought not against Plaintiff itself, but against Michael Goldstein (Plaintiff's Manager), his father, and a prior owner of the Domain Names—constitutes a transparent attempt at forum shopping designed to secure a favorable ruling in a foreign jurisdiction that recognizes geographic indications, rather than litigating in the United States, where such disputes properly belong and where geographic indications are not protected in the same manner. Because this matter involves a United States domain name registrant, a Florida-based registrar, and a Virginia-based registry, the rights to the Domain Names must be determined under United States law, not by the order of a foreign court. As the registry for ".com" domain names resides within this District, only this Court has jurisdiction to adjudicate ownership and control of the Domain Names under U.S. law

4.    Unless this Court affirms (a) that United States law governs the use and licensing of domain names registered by a United States entity through a United States registrar and registry, as established by controlling precedent, and (b) that Plaintiff lawfully holds the right to register and use the Domain Names, Plaintiff faces imminent and irreparable harm. Absent such a declaration, Defendant may exploit foreign proceedings to obtain an unauthorized transfer of the Domain Names, thereby undermining this Court's jurisdiction and depriving Plaintiff of its lawful property rights.

5.    Plaintiff fully respects the authority of foreign courts to adjudicate trademark disputes within their own territories. However, principles of international comity require reciprocal respect for the jurisdiction of United States courts over domain names registered under U.S. law. Foreign orders cannot be used to displace or override the clear application of U.S. law—particularly where, as here, U.S. law does not recognize Defendant's asserted claims to the Domain Names. To permit otherwise would invite the extraterritorial enforcement of foreign judgments in direct conflict with U.S. law and established precedent.

## PARTIES

6.    Plaintiff Best Drinks is a Virginia limited liability company (Entity ID: 11431970) formed on September 1, 2022, with its registered office at 100 Shockoe Slip, Floor

2

2, Richmond, Virginia 23219-4100, and its principal place of business at 7 Grove Road, London, United Kingdom SW12 0HQ. See Ex. 1. Best Drinks has two members, Ralph Goldstein and Natalie Kirschel, both of whom are citizens of the United Kingdom and currently domiciled in London, United Kingdom.

7.    Defendant Consorzio di Tutela della Denominazione di Origine Controllata Prosecco ("Consorzio"), upon information and belief, is an Italian organization that manages and oversees the "Denominazione di Origine Controllata" ("DOC") designation for Prosecco. Its principal office is located at Via Calmaggiore 23, 31100 Treviso, Italy. The DOC designation is recognized within the European Union as a geographic indication, and it is further incorporated into the EU system for "Denominations of Protected Origin" ("PDO") in jurisdictions that recognize PDOs. The United States does not recognize such designations as enforceable under U.S. law. Upon information and belief, Consorzio is an entity organized under Italian law but is not a governmental organization.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 2201, as well as 15 U.S.C. § 1121, because this action arises under the laws of the United States, including 15 U.S.C. § 1125(d).

9.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c)(2). Venue is further proper because Plaintiff is a Virginia limited liability company and Defendant seeks to compel the cessation of use and transfer of the Domain Names owned by Plaintiff, which are registered through the .com domain name registry, operated by VeriSign, Inc., located within this judicial district at 12601 Bluemont Way, Reston, Virginia 20910.

10.    This Court has personal jurisdiction over Defendant because it has purposefully directed their conduct toward the Commonwealth of Virginia by seeking to compel the cessation of use and the transfer of the Domain Names owned by Plaintiff, a Virginia limited liability company, through Verisign, Inc., the .com and net domain name registry located within this district. Defendant's actions are expressly aimed at interfering with and attempting to seize the

3

property and legal rights belonging to a Virginia entity in domain names situated in Virginia. Exercising jurisdiction over Defendant therefore comports with traditional notions of fair play and substantial justice and satisfies due process under the Constitution of the United States.

11.    In the alternative, this Court has *in rem* jurisdiction over the Domain Names pursuant to 15 U.S.C. § 1125(d)(2), because the Domain Names are registered through Network Solutions LLC and GoDaddy.com, LLC and are maintained in the authoritative .com registry database operated by Verisign, Inc.,  which is located within this judicial district. To the extent Defendant disputes personal jurisdiction, this Court may exercise jurisdiction directly over the Domain Names to prevent their unlawful seizure or transfer.

## GENERAL ALLEGATIONS

### a)    The Prosecco-related Domain Names

12.    Upon information and belief, the domain name <prosecco.com> was first registered more than twenty-six years ago, on November 26, 1999, by a registrant in Italy identified as Guy Howell of Tre-vi Weine GmbH, through the registrar Register.it S.P.A., also located in Italy. On or about May 15, 2012, the registrant converted the registration to a privacy-protected status, thereby concealing the ownership details from public WHOIS records.

13.    Upon information and belief, during the years following its registration, the registrant used the <prosecco.com> domain name to promote, market, and sell Prosecco wine. See Ex. 2a

14.    On or about September 15, 2015, the <prosecco.com> domain name was transferred to a new registrant, Rino Anselmi, located in Italy. Mr. Anselmi subsequently transferred the registration to GoDaddy.com, LLC, a United States–based registrar. Upon information and belief, the domain name was not actively used during this period but was redirected to a webpage displaying advertisements for Parallels software. See Ex. 2b (Screenshots from 2016). It is unclear from publicly available WHOIS records whether this same registrant retained ownership of the domain name prior to February 2018.

15.    Upon information and belief, the domain name <proseccoDOC.com> was initially registered on September 10, 1999, by a registrant located in Italy identified as Edistar

4

S.r.l., through the United States–based registrar Network Solutions, Inc. According to WHOIS records, on or about May 15, 2012, the registrant converted the domain name to a privacy-protected status, thereby concealing ownership details from public WHOIS records.

16.     Upon information and belief, in or around October 2015, the <proseccoDOC.com> domain name was acquired by New Ventures Services, Corp., an entity based in Pennsylvania, which continued to license the domain name until 2018. Upon information and belief, between 1999 and 2018, the domain name was not in active use.

17.     In 2018, Michael Goldstein, in his personal capacity, purchased several of the Domain Names, including <proseccoDOC.com> on February 15, 2018; <proseccowine.com> on March 9, 2018; and <prosecco.com> on May 10, 2018. [1] See Ex. 3. Mr. Goldstein was listed as the registrant of record for these and other Domain Names until 2021. At the time of these acquisitions, he resided in California but subsequently relocated to the United Kingdom.

18.     In 2021, the Domain Names were assigned and transferred by Michael Goldstein to Prosecco International Limited ("PIL"), a United Kingdom limited company, (Company No. 11509706), in which Michael Goldstein and his father, Ralph Goldstein, served as directors. Michael Goldstein remained a Director of PIL until approximately February 1, 2024,  and continues to perform consulting services for the company.

19.     In 2022, PIL conveyed and assigned all rights, title, and interest in the Domain Names to Best Drinks, LLC, a Virginia limited liability company, which continues to own and control the Domain Names. See Ex. 4.

*b)     The prosecco-related websites*

20.     Plaintiff operates prosecco-related websites, including <prosecco.com> and <proseccodoc.com>.

21.     Plaintiff's website at <prosecco.com> states that Plaintiff is a family-owned producer and marketer of high-quality Italian wines and offers three prosecco brands—Bella

---

[1] The Domain Names listed above are provided as examples and do not reflect the full scope of acquisitions made by Mr. Goldstein in 2018.  A full list of the Domain Names is attached as Exhibit 17.

Principessa, Signorina, and Bella Vino. The site also notes that Plaintiff does not presently conduct direct sales of prosecco through <prosecco.com>. See Ex. 5 (Website).

22.    The <prosecco.com> site includes the following legal disclaimer:

*The domain name Prosecco.com is operated under an exclusive license authorized by Best Drinks. Kindly direct all inquiries regarding website operations, management, or related legal to the designated administrator at info@BestDrinks.com. This email address is the only official communication channel for such matters. Please note that no other entity or individual, unless explicitly stated by Best Drinks, is authorized to represent or make decisions regarding the domain Prosecco.com. All rights and responsibilities pertaining to the use and management of this domain are governed by the terms of the exclusive license agreement with Best Drinks." See* https://prosecco.com/legal-disclaimer/ *¶ 1, attached hereto as Ex. 6.*

23.    The <prosecco.com> site further states:

*"Prosecco.com is an independent source of information not affiliated with or endorsed by PDO Prosecco, the Consorzio di Tutela della Denominazione di Origine Controllata Prosecco or Consorzio di Tutela del Prosecco di Conegliano Valdobbiadene, private organizations composed of producers, bottlers, and traders in the Prosecco region." Id. ¶ 4.*

24.    Plaintiff's website at <proseccodoc.com> contains content substantially similar to <prosecco.com> and additionally features a blog with news articles, events, interviews, and educational materials related to prosecco. The site includes the same legal disclaimers referenced in ¶¶22–23. See Ex. 6 (Proseccodoc.com Website).

c)    *Defendant's failed attempt to obtain a trademark registration for "prosecco".*

25.    On or about April 18, 2019, Defendant filed U.S. Trademark Application Serial No. 88392015 with the United States Patent and Trademark Office ("USPTO") seeking to register the term PROSECCO as a certification mark for "wines." In support, Defendant submitted the following certification statement: "The certification mark, as used by authorized persons, certifies that the wine is produced in the Italian provinces of Trieste, Gorizia, Udine, Belluno, Pordenone, Venezia, Treviso, Padova, and Vicenza specified in the official standards, and is made using certain grapes identified in the official standards, and that it satisfies certain quality standards." See Ex. 7.

26.    Defendant's application relied on Italian Registration No. 302017000115, issued February 13, 2019, and sought registration under Section 44(e) of the Lanham Act, 15 U.S.C. §

6

1126(e). Section 44(e), which implements the United States' obligations under the Paris Convention, Article 6quinquies, permits a foreign applicant to base a U.S. application on its home-country registration without first proving use in U.S. commerce.

27.    On or about September 2, 2022, the USPTO issued a Final Office Action refusing registration of PROSECCO on the ground that the designation "does not function as a certification mark indicating regional origin ('CMRO')." See Ex. 8[2].

28.    The USPTO explained that, while the record showed the term is generic as a wine varietal name under Sections 1, 2, and 45, the refusal made FINAL under Sections 1, 2, 4, and 45 rested on the fact that the proposed mark fails to function as a CMRO for the wines of others "due to its recognition as a generic wine varietal name and [as a] grape varietal from which such wine is made." See 15 U.S.C. §§ 1051, 1052, 1127; 37 C.F.R. § 2.63(b); Ex. 8 at 11. Although Defendant argued that "Prosecco" appears on the European Community's list of Protected Designations of Origin (PDOs), the USPTO rejected that position, finding that the term was already in common use in the United States as a varietal name when PDO recognition was sought in Europe and therefore is not protectable under U.S. trademark law.

29.    On or about March 1, 2023, Defendant filed a Request for Reconsideration and a Notice of Appeal from the Final Office Action.

30.    On or about March 22, 2023, the USPTO denied reconsideration and maintained the refusal, stating that "no treaty grants exclusive rights to the term 'Prosecco' or any other EU geographical indication," and concluding that "the term Prosecco identifies a grape variety, not a place of origin."  See Ex. 9 at 6–7[3].

---

[2] The complete Final Office Action (539 pages) is available through the USPTO's TSDR system under Application Serial No. 88392015. Exhibit 8 reproduces only pages 1 and 9–21, which set forth the USPTO's rationale for refusal

[3] The USPTO's denial of Defendant's Request for Reconsideration (over 400 pages) is available through the TSDR system under Application Serial No. 88392015. Exhibit 9 reproduces only pages 1–14, which set forth the USPTO's rationale for denial.

31.    Upon information and belief, Defendant thereafter noticed an appeal to the Trademark Trial and Appeal Board but, on or about August 7, 2023, abandoned its U.S. application for PROSECCO. See Ex. 10.

    *d)*    *Defendant's Attempts to Circumvent U.S. Law Through Foreign Proceedings*

### (1)    INITIAL APPROACH TO ACQUIRE THE DOMAIN NAMES

32.    Upon information and belief, in or about mid-2022, Michael Goldstein, acting on behalf of Prosecco International Limited ("PIL"), then the owner of the Domain Names, contacted Defendant to request market information regarding prosecco wines to assist PIL in marketing and promoting its prosecco products. By e-mail dated July 29, 2022, Defendant provided certain data but, for the first time, also shifted the discussion to the Domain Names. In that e-mail, Alessandra Zuccato, Defendant's Director of Economic and Legal Affairs, acknowledged the registrations of the Domain Names and wrote that "the domain names proseccodoc.com but overall prosecco.com and prosecco.jp, that you apparently have registered, are certainly of great interest for our Consortium and would be key to further promote our product," and asked whether Goldstein "would be open to consider to assign it/them to us." See Ex. 11

33.    On or about September 5, 2022, unrelated to Defendant's e-mail request, PIL assigned the Domain Names to Plaintiff, Best Drinks, LLC, to pursue the marketing and promotion of prosecco in the United States.

### (2)    REPEATED FOLLOW-UP AND EARLY HARASSMENT

34.    Defendant did not let the matter rest. Instead, it followed up by e-mail on September 12, 2022, and again on October 4, 2022, each time pressing whether Goldstein and PIL had evaluated its "request" concerning prosecco.com. These communications marked the beginning of Defendant's campaign of pressure over the Domain Names—nearly three years before it ultimately filed suit.

35.    On October 7, 2022, Goldstein responded on behalf of PIL, stating unequivocally that the Domain Names "are in use and not for sale," and asking what Defendant meant by its inquiry.  See Ex. 12

**(3)    ESCALATION TO THREATS**

36.    On February 20, 2023, more than four months later, Defendant disputed whether <prosecco.com> and <prosecco.jp> were "in use" because they redirected to <bellaprincipessa.co.uk> and because <proseccodoc.com> was at the time inactive. Defendant then issued a threat: "Considering your actual use of the above-mentioned domain names and in light of the mission of the Consortium to protect the trademark PROSECCO (and promoting its use via websites duly reflecting the PROSECCO trademarks and designation of origin), I would like you to indicate your intention as to the domain names <prosecco.com>, <proseccodoc.com> and <prosecco.jp> (and any other domain names encompassing the PROSECCO trademark that are under your control for the time being) and your willingness to transfer them into our management." See *Id.*

**(4)    MISPLACED THREATS TO PRIOR OWNER**

37.    On October 27, 2023, Defendant's counsel wrote to PIL, a former owner of the Domain Names, alleging infringing activities and demanding that PIL "immediately cease the operation of the Website and the correspondent domain names prosecco.com and proseccodoc.com … by 10 November 2023." The letter further threatened: "Unless we receive the requested undertakings from you by the above deadline, we expressly reserve our right to commence proceedings against you for infringement of the PDO PROSECCO and our clients' additional IP rights without further notice including seeking injunctive relief." See Ex. 13 at 5.

38.    On November 16, 2023, Goldstein, on behalf of PIL, advised Defendant that all inquiries relating to the Domain Names should be directed to Plaintiff at info@bestdrinks.com. See Ex. 14a.

39.    On November 17, 2023, PIL formally responded to Defendant's counsel, clarifying that the Domain Names were owned by Best Drinks, not PIL, and questioning

Defendant's objections to PIL's sale of certain prosecco products given Defendant's knowledge of those activities for more than five years. See Ex. 14b. 40. Subsequently, Goldstein sent a follow-up letter on behalf of PIL, reminding Defendant's counsel that no effort had been made to contact Best Drinks directly. PIL reiterated its willingness to cooperate if Defendant would address its concerns to the proper party. See Ex. 14c. When no response was received, PIL sent a second letter on March 4, 2024. See Ex. 14d.

40.    With no substantive reply, Goldstein filed a complaint with Defendant's law firm, Bird & Bird, alleging that its repeated threats were misdirected and amounted to harassment. Bird & Bird ultimately dismissed the complaint.

41.    After nearly fifteen months of silence, on or about January 25, 2025, Defendant's counsel at Bird & Bird again wrote to PIL—despite repeated notice that PIL no longer owned the Domain Names. The letter recycled prior allegations, claiming that the use of <prosecco.com> and <proseccodoc.com>, "which constitute instruments of deception," infringed Defendant's U.K. trademarks and PDO rights. See Ex. 15.

**(5)    COMMENCEMENT OF FOREIGN PROCEEDINGS**

42.    Having failed to secure trademark protection in the United States, Defendant turned to a foreign forum more receptive to geographic indications. On or about August 24, 2025, Defendant commenced proceedings in the United Kingdom against PIL, Michael Goldstein, and Ralph Goldstein—despite Plaintiff's ownership of the Domain Names. The pleading alleges, inter alia, that use of the term "Prosecco" violates U.K. trademark law and breaches Article 103(2) of Regulation (EU) No. 1308/2013 governing Protected Designations of Origin. See Ex. 16.

43.    Although framed as protecting "Prosecco" and "ProseccoDOC," Defendant's U.K. action seeks, among other relief: (i) suspension of use of the Domain Names; (ii) a prohibition on transferring the Domain Names to anyone other than Defendant; and (iii) upon information and belief, an order compelling transfer of the Domain Names—even though Plaintiff is the lawful owner. The relief sought is intended to have worldwide effect, not limited

to the United Kingdom, and thus constitutes an attempt to obtain extraterritorial remedies unavailable under U.S. law.

44.    Defendant's pursuit of foreign proceedings against a prior owner of the Domain Names, and its effort to compel transfer despite Plaintiff's lawful ownership, underscores the imminent risk that Defendant will unlawfully interfere with Plaintiff's rights through extraterritorial means unenforceable under U.S. law.

## COUNT 1
## DECLARATORY JUDGMENT UNDER THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1114(2)(D)(V))

45.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 44 above.

46.    Pursuant to 15 U.S.C. § 1114(2)(D)(v), any domain name registrant whose domain name has been suspended, disabled, or transferred, or is threatened with such action, may file a civil action to establish that its registration and use of the domain name is not unlawful under the Lanham Act.

47.    Plaintiff is the registrant of the domain names <prosecco.com> and <proseccoDOC.com> and other prosecco-related domain names (the "Domain Names") and uses them in connection with its bona fide business of marketing and promoting Italian wines. Plaintiff's registration and use of the Domain Names is lawful and does not violate the Lanham Act.

48.    An actual and justiciable controversy exists between Plaintiff and Defendant regarding ownership and lawful use of the Domain Names. Defendant has demanded that the Domain Names be suspended or transferred, and has initiated foreign proceedings seeking such relief, thereby creating a concrete and imminent risk that Plaintiff's Domain Names will be suspended, disabled, or transferred.

49.    On September 2, 2022, the USPTO issued a Final Office Action refusing Defendant's application to register "Prosecco" as a certification mark, holding that "Prosecco" is generic and does not function as a certification mark indicating regional origin. The USPTO

further found that "the term Prosecco identifies a grape variety, not a place of origin," and that "no treaty grants exclusive rights to the term 'Prosecco' or any other EU geographical indication."

50.    Defendant ultimately abandoned its U.S. trademark application for "Prosecco" on or about August 7, 2023. Having failed to obtain rights under U.S. law, Defendant has instead sought relief in a foreign forum that accords greater protection to geographic indications, in an attempt to accomplish indirectly what it cannot lawfully achieve in the United States.

51.    Defendant's actions constitute an effort at reverse domain name hijacking, precisely the conduct Congress intended to prevent when it enacted § 1114(2)(D)(v)—attempting, through bad-faith use of foreign proceedings, to wrest control of lawfully registered U.S. domain names from their rightful registrant.

52.    Plaintiff therefore seeks a declaration from this Court, pursuant to 15 U.S.C. § 1114(2)(D)(v)    and    28    U.S.C.    §    2201,    that:
(a) Plaintiff's registration and use of the Domain Names is not unlawful under the Lanham Act;
(b) Defendant has no right to compel the suspension, transfer, or reassignment of the Domain Names;    and
(c) Defendant is enjoined from seeking to suspend, transfer, or otherwise interfere with Plaintiff's Domain Names through foreign proceedings or other extraterritorial means inconsistent with U.S. law.

53.    **WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in its favor, declare Plaintiff's rights in the Domain Names, deny Defendant any claim to the Domain Names, enjoin Defendant from seeking to suspend, transfer, or reassign the Domain Names through foreign or extraterritorial proceedings, award Plaintiff its costs and attorneys' fees as permitted by law, and grant such other and further relief as the Court deems just and proper.

**COUNT 2**
**DECLARATORY JUDGMENT – NON-INFRINGEMENT**
**(15 U.S.C. §§ 1114, 1125(A); 28 U.S.C. § 2201)**

54.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 53 above.

55.    An actual and justiciable controversy exists between Plaintiff and Defendant as to whether Plaintiff's registration and use of the Domain Names <prosecco.com> and <proseccodoc.com> infringe any rights claimed by Defendant under the Lanham Act. Defendant's threats and foreign proceedings have created a substantial, immediate, and concrete risk of interference with Plaintiff's lawful ownership and use of the Domain Names

56.    Defendant has asserted, in foreign proceedings and through other threats, that Plaintiff's use of the Domain Names violates rights in the term "Prosecco," including alleged rights based on foreign laws governing Protected Designations of Origin ("PDOs").

57.    The USPTO has conclusively determined that "Prosecco" is generic and incapable of functioning as a trademark in the United States. Defendant's abandoned application confirms that it has no enforceable rights in "Prosecco" under U.S. law.

58.    Plaintiff's registration and use of the Domain Names therefore do not infringe any protectable rights of Defendant under 15 U.S.C. § 1114 or § 1125(a), or any other provision of the Lanham Act.

59.    Plaintiff is entitled to a declaratory judgment under 28 U.S.C. § 2201 establishing that: (a) Plaintiff's registration and use of the Domain Names do not infringe any valid U.S. trademark rights of Defendant; and (b) Defendant has no enforceable rights in the term "Prosecco" in the United States that would entitle it to the suspension, transfer, or reassignment of the Domain Names.

60.    **WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in its favor, declare that Plaintiff's registration and use of the Domain Names do not infringe any valid U.S. trademark rights of Defendant, declare that Defendant has no enforceable U.S.

trademark rights in "Prosecco," award Plaintiff its costs and attorneys' fees as permitted by law, and grant such other and further relief as the Court deems just and proper.

## COUNT 3
## UNFAIR COMPETITION UNDER THE LANHAM ACT 15 U.S.C. 1125(A)

61.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 60 above.

62.    Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits false or misleading representations of fact in commerce that are likely to cause confusion or deceive as to the affiliation, connection, or association of a party with another, or as to the origin, sponsorship, or approval of goods, services, or commercial activities.

63.    Plaintiff is the lawful registrant and owner of the Domain Names <prosecco.com> and <proseccodoc.com>, which it uses in connection with its bona fide business of marketing and promoting Italian wines.

64.    Defendant has, through threats, correspondence, and foreign litigation, falsely represented that Plaintiff's ownership and use of the Domain Names is unlawful, and has falsely suggested that Defendant has rights to control or transfer the Domain Names.

65.    Defendant's conduct is likely to cause confusion and mistake, and to deceive customers, business partners, and the public into believing that Plaintiff's business activities conducted through the Domain Names are unauthorized or infringing, or that Defendant has rights of sponsorship, approval, or control over the Domain Names and Plaintiff's business operations.

66.    Defendant's actions constitute unfair competition in violation of 15 U.S.C. § 1125(a).

67.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer harm, including disruption of its business relationships, loss of goodwill, diversion of potential customers, damage to its reputation, and attorneys' fees and costs incurred in protecting its rights.

14

68.    **WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in its favor, declare that Defendant's conduct constitutes unfair competition under the Lanham Act, enjoin Defendant from making false or misleading statements regarding Plaintiff's ownership or use of the Domain Names, award Plaintiff its damages, Defendant's profits, and its costs and attorneys' fees pursuant to 15 U.S.C. § 1117, and grant such other and further relief as the Court deems just and proper.

**COUNT 4**
**FRAUD AND MISREPRESENTATION**
**(Common Law of the Commonwealth of Virginia)**

69.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 68 above.

70.    Defendant, through its agents and counsel, knowingly made false and misleading representations to third parties, including the UK courts, asserting that Defendant possessed exclusive trademark rights in the term *Prosecco* and was entitled to compel the transfer of the Domain Names <prosecco.com>, <proseccoDOC.com>, and the other Prosecco-related Domain Names.

71.    At the time those representations were made, Defendant knew them to be false, as Defendant's own trademark applications had been refused by the United States Patent and Trademark Office on the ground that "Prosecco" is a generic term not subject to trademark protection under U.S. law.

72.    Defendant made these misrepresentations willfully and with the intent to deceive U.S. third parties into believing that Defendant held superior rights, thereby inducing or coercing them to transfer or suspend Plaintiff's lawfully owned Domain Names.

73.    Plaintiff justifiably relied on the accuracy of domain-name registration systems governed by U.S. law and was damaged when Defendant's false statements caused the wrongful initiation of foreign proceedings and imminent threat of seizure of its Domain Names.

74.    As a direct and proximate result of Defendant's fraudulent conduct, Plaintiff has suffered substantial injury, including loss of business goodwill, interruption of online commerce, and legal expenses incurred to protect its property.

75.    **WHEREFORE,** Plaintiff respectfully requests judgment in its favor and against Defendant for (a) Compensatory damages in an amount to be proven at trial; (b) punitive damages for Defendant's willful and malicious conduct; (c) pre- and post-judgment interest as allowed by law; and (d) such other and further relief as the Court deems just and proper.

**COUNT 5**
**TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY**

76.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 75 above.

77.    Plaintiff, Best Drinks, LLC, has long maintained legitimate and ongoing business relationships and expectancies arising from its ownership and operation of the Domain Names <prosecco.com> ,<proseccoDOC.com> and other Prosecco-related Domain Names, including but not limited to: (a) commercial relationships with customers, distributors, and vendors in connection with the promotion and sale of Prosecco-related products; and (b) the continued ability to operate, develop, and monetize its websites under the Domain Names.

78.    Defendant knew, or should have known, of these relationships and business expectancies. Defendant has been aware of Best Drinks' operations for years and has met directly with Best Drinks' manager, Michael Goldstein, on multiple occasions—specifically, during wine conferences and trade shows in 2018 and 2025, and again during meetings at Defendant's offices as recently as April 2025—where the parties discussed Best Drinks' business activities and online branding associated with the Domain Names.

79.    Despite that knowledge, Defendant intentionally and improperly sought to interfere with those relationships and expectancies by making false representations to third parties—foreign courts—asserting that Defendant possessed exclusive rights to the generic term "Prosecco" and was entitled to compel the transfer or suspension of the Domain Names.

80.    Defendant's conduct constitutes interference by improper means, including fraud, misrepresentation, and abuse of foreign judicial process, undertaken with the intent and effect of disrupting Plaintiff's lawful business operations and depriving Plaintiff of its property rights.

16

81.    As a direct and proximate result of Defendant's intentional interference, Plaintiff has suffered and continues to suffer injury, including loss of business opportunities, disruption of customer relationships, reputational harm, and substantial expenses incurred to defend its ownership and use of the Domain Names.

82.    **WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in its favor, award compensatory and consequential damages in an amount to be proven at trial, award punitive damages for Defendant's intentional misconduct, award Plaintiff its costs and attorneys' fees, and grant such other and further relief as the Court deems just and proper.

**COUNT 6**
**CONVERSION**

83.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

84.    Plaintiff, Best Drinks, LLC, is the lawful owner of the Domain Names <prosecco.com>, <proseccoDOC.com> and the other Prosecco-related Domain Names, which constitute valuable intangible property rights registered through U.S. registrars and maintained within the domain name registry operated by Verisign, Inc. in this judicial district.

85.    Plaintiff has at all relevant times possessed the exclusive right to control, use, license, and dispose of the Domain Names, including the associated goodwill, websites, and online content developed under those names.

86.    Defendant has wrongfully asserted dominion and control over Plaintiff's property by falsely claiming ownership of the Domain Names, by initiating and prosecuting foreign legal proceedings seeking their transfer, and by attempting to induce domain-name registrars, registries, and third parties to disable, reassign, or otherwise interfere with Plaintiff's control over the Domain Names.

87.    Although Defendant has not yet physically obtained the Domain Names, its actions constitute an intentional and wrongful exercise of control inconsistent with Plaintiff's rights and amount to conversion under Virginia law.

17

88. Defendant's conduct was undertaken willfully, maliciously, and without lawful justification, and was intended to deprive Plaintiff of the use, value, and ownership of its property.

89. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered harm, including impairment of its property interests, loss of business revenue, reputational injury, and substantial expenses incurred to protect its property from unlawful seizure.

90. **WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant for: (a) Compensatory damages in an amount to be proven at trial; (b) Punitive damages for Defendant's willful and malicious misconduct; (c) A declaration confirming Plaintiff's exclusive ownership and control of the Domain Names; (d) Pre- and post-judgment interest as allowed by law; and (e) Such other and further relief as this Court deems just and proper.

**COUNT 7**
**ABUSE OF PROCESS**

91. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 90 above.

92. Defendant has wrongfully invoked legal process, specifically litigation initiated in the United Kingdom, for an ulterior purpose: to obtain the suspension and transfer of U.S.-registered domain names that Defendant could not lawfully secure under U.S. trademark law.

93. Defendant's use of foreign proceedings—directed at Plaintiff's prior owner and members rather than Plaintiff itself—constitutes a misuse of judicial process intended to circumvent U.S. law, coerce Plaintiff, and interfere with property located in the United States.

94. Defendant's conduct was not undertaken for the legitimate purpose of resolving a bona fide dispute under U.K. law, but rather for the improper purpose of weaponizing foreign process to accomplish indirectly, through a foreign court, what Defendant was unable to obtain through lawful means in the United States.

95. As a direct and proximate result of Defendant's misconduct, Plaintiff has suffered damages, including attorneys' fees and litigation expenses, harm to its business interests, loss of goodwill and business opportunities, and the ongoing risk of losing control of valuable property.

96.     **WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in its favor, award compensatory and punitive damages, award attorneys' fees and costs, and grant such other relief as the Court deems just and proper.

## PUNITIVE DAMAGES

97.     Punitive damages are warranted in this case because Defendant's conduct was intentional, malicious, oppressive and undertaken in bad faith.

98.     Defendant knowingly and deliberately sought to misuse judicial process by initiating proceedings in a foreign jurisdiction with the ulterior purpose of depriving Plaintiff of valuable property located in the United States. Defendant engaged in this course of conduct despite being expressly denied trademark rights in the term "Prosecco" by the United States Patent and Trademark Office, which found the term to be generic and incapable of registration under U.S. law. Defendant's persistence in pursuing foreign litigation after abandoning its U.S. trademark application demonstrates an intentional and calculated strategy of forum shopping, designed to accomplish through coercion what could not be obtained through lawful means in the United States.

99.     Such conduct transcends ordinary business disputes and evidences a willful and reckless disregard of both U.S. law and Plaintiff's property rights. Defendant's actions were taken with knowledge that they would cause harm to Plaintiff, disrupt Plaintiff's business operations, and impose substantial legal costs. This constitutes precisely the type of intentional and egregious misconduct for which punitive damages are designed.

100.     Plaintiff is entitled to punitive damages under the common law of Virginia and applicable statutes, upon clear and convincing evidence that Defendant acted with intentional misconduct, malice, or gross disregard for Plaintiff's rights.

101.     Accordingly, in addition to declaratory, injunctive, and compensatory relief, Plaintiff respectfully submits that an award of punitive damages is appropriate and necessary to punish Defendant's willful misconduct and to deter others from engaging in similar reverse domain name hijacking schemes.

**DEMAND FOR JURY TRIAL**

102.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff respectfully demands a jury trial of all issues triable to a jury in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant, and grant the following relief:

A.    A declaration pursuant to 15 U.S.C. § 1114(2)(D)(v) and 28 U.S.C. § 2201 that Plaintiff's registration and use of the Domain Names set forth in Exhibit 17 -- including <prosecco.com>, <proseccoDOC.com>, and other prosecco-related domain names lawfully registered to Plaintiff -- are not unlawful under the Lanham Act, and that Defendant has no right to compel their transfer;

B.    A declaration that Plaintiff's registration and use of the Domain Names set forth in Exhibit 17 do not infringe any valid rights of Defendant under the Lanham Act, including 15 U.S.C. §§ 1114 and 1125;

C.    A declaration that Defendant's conduct constitutes an effort at reverse domain name hijacking and unfair interference with Plaintiff's lawful business activities;

D.    A temporary restraining order, preliminary injunction, and permanent injunction prohibiting Defendant, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with it, from taking any action to transfer, disable, or otherwise interfere with Plaintiff's ownership, registration, or use of the Domain Names set forth in Exhibit 17;

E.    Compensatory and consequential damages in an amount to be proven at trial, including damages for interference with Plaintiff's business relationships and expectancy interests;

F.    Punitive damages for Defendant's intentional misconduct and bad faith;

G.    Plaintiff's reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a), and other applicable law;

H.      Costs of this action; and

I.      Such other and further relief as the Court may deem just and proper.


DATED:  October 7, 2025,


                                        /s/Jeffrey J. Neuman (VA Bar No. 41744)
                                        JJN SOLUTIONS, LLC
                                        9445 Brenner Ct.
                                        Vienna, VA 22180
                                        Tel: 202-549-5079
                                        Jeff@jjnsolutions.com

                                        *Attorney for Plaintiff,*
                                        *Best Drinks, LLC*


21

**LIST OF EXHIBITS**

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 1 | Best Drinks, LLC Entity ID |
| 2a | Screen Shot from Prosecco.com (March 15, 2007) |
| 2b | Screen Shot from Prosecco.com (November 17, 2013) |
| 2c | Screen Shot from Prosecco.com (March 13, 2016) |
| 3a | Receipt for purchase of ProseccoDOC.com (Price Redacted) |
| 3b | Receipt for purchase of Prosecco.com (Price Redated) |
| 3c | Receipt for purchase of ProseccoWine.com (Price Redacted) |
| 4a | Proof of Prosecco.com Ownership Screenshot |
| 4b | Proof of ProseccoDoc.com Ownership Screenshot |
| 5 | Website for Prosecco.com |
| 6 | Legal Disclaimers for Prosecco.com |
| 7 | Defendant's Trademark Application for Prosecco |
| 8 | Final Office Action issued for Defendant's TM Application for Prosecco |
| 9 | Denial of Defendant's Request for Reconsideration for TM Application |
| 10 | Defendant's Notice of Abandonment of TM Application for Prosecco |
| 11 | E-mail from Defendant to Goldstein on July 29, 2022 |
| 12 | E-mail from Defendant to Goldstein on February 20, 2023 also containing E-mail from Goldstein to Def. on October 7, 2025 |
| 13 | October 27, 2023 Letter from Def. to Michael Goldstein |
| 14a | November 16, 2023 letter from Prosecco International to Def. |
| 14b | November 17, 2023 Letter from PIL to Defendant |
| 14c | November 22, 2023 Letter from PIL to Defendant |
| 14d | March 4, 2024 Letter from PIL to Defendent |
| 15 | January 29, 2025 Letter from Defendant to Michael Goldstein |
| 16 | United Kingdom Bill of Particulars for Def. Lawsuit against PIL, Michael Goldstein and Ralph Goldstein. |
| 17 | List of all Prosecco-related Domain Names |

22