**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| Best Drinks, LLC, a Virginia limited liability company<br><br>Plaintiff,<br><br>v.<br><br>Consorzio Di Tutela Della Denominazione Di Origine Controllata Prosecco, an association incorporated under the laws of Italy<br><br>Defendants. | Case No. 1:25-cv-1711 |

**PLAINTIFF'S EMERGENCY *EX PARTE*
<u>MOTION FOR A TEMPORARY RESTRAINING ORDER</u>**

Plaintiff Best Drinks, LLC ("Best Drinks" or "Plaintiff"), by and through its attorneys, respectfully moves for an emergency *ex parte* temporary restraining order ("TRO") pursuant to Fed. R. Civ. P. 65 to immediately enjoin Defendant Consorzio di Tutela della Denominazione di Origine Controllata Prosecco ("Defendant") from requesting, causing, or facilitating any transfer, suspension, disabling, alteration, or other interference with Plaintiff's ownership, registration, DNS settings, or use of <Prosecco.com>, <ProseccoDOC.com>, and the additional Prosecco-related domain names identified in Complaint Ex. 17 (collectively, the "Domain Names").

Plaintiff further requests that the Court issue an order directing Network Solutions, LLC and GoDaddy.com, LLC, the U.S. registrars of record, to maintain the status quo by declining any change to registrant, registrar, nameservers, locks, or contact data for the Domain Names, and to reject any transfer or modification request unless initiated by Plaintiff.

As set forth in the accompanying memorandum and supporting declarations, on August 24, 2025, Defendant commenced litigation in the United Kingdom against a previous owner of

the Domain Names and certain individuals, seeking to suspend or compel transfer of the Domain Names. A response to that Complaint is due on October 22, 2025. If such a foreign order issues, it could be transmitted to U.S. registrars for execution—precisely the scenario that caused a U.S. registrant to lose *France.com* following foreign proceedings. Plaintiff is a U.S. entity; the Domain Names are registered through U.S.-based registrars and operated by Verisign, Inc. (the registry operator for the .com and .net registries) located in the Commonwealth of Virginia. Under the principle of territoriality and Congress's ACPA registrant-protection provision, 15 U.S.C. § 1114(2)(D)(v), disputes concerning these domain names are governed exclusively by U.S. law. Immediate intervention by this Court is necessary to preserve its jurisdiction, prevent irreparable harm, and maintain the status quo pending a preliminary-injunction hearing. Counsel's certification regarding notice efforts and the need for *ex parte* relief accompanies this motion.

Plaintiff faces immediate and irreparable harm from Defendant's conduct. To prevent unlawful interference with Plaintiff's property rights, preserve the status quo, and enable the Court to afford meaningful relief on the merits, the Court should grant this motion for a temporary restraining order and order to show cause. Given the imminent threat, this relief should issue *ex parte* and without advance notice to Defendant.

Accordingly, Plaintiff respectfully requests that the Court issue the following relief:

i.  A temporary restraining order, preliminary injunction, and permanent injunction restraining Defendant—together with its officers, agents, servants, employees, attorneys, successors, assigns, and all persons acting in concert or participation with it—from transferring, disabling, or otherwise interfering in any way with Plaintiff's ownership, registration, or use of the Domain Names set forth in Comp. Ex. 17;

ii. An order directed to Network Solutions, LLC and GoDaddy.com, LLC prohibiting either registrar from permitting any changes to the registration information for the Domain Names set forth in Comp. Ex. 17, or from effectuating any transfer of the Domain Names to another registrar or registrant, except where such changes or transfers are initiated by Plaintiff; and

    iii.    An order to show cause, pursuant to Federal Rule of Civil Procedure 65, requiring Defendant to appear and demonstrate why a preliminary injunction should not issue enjoining it from engaging, directly or indirectly, in the conduct described above during the pendency of this action.

    iv.    Such other and further relief as the Court deems just and proper.

DATED:  October 7, 2025,

/s/ Jeffrey J. Neuman
Jeffrey J. Neuman (VSB 41744)
JJNSOLUTIONS, LLC
9445 Brenner Ct.
Vienna, VA 22180
Tel: 202-549-5079
Jeff@jjnsolutions.com

*Attorney for Plaintiff, Best Drinks, LLC*

3