**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| Best Drinks, LLC, a Virginia limited liability company<br><br>      Plaintiff,<br><br>v.<br><br>Consorzio Di Tutela Della Denominazione Di Origine Controllata Prosecco, an association incorporated under the laws of Italy<br>      Defendant,<br>--and—<br><br>The domain names listed in Exhibit 17 to the original complaint<br><br>      Domain Name Defendants. | Case No. 1:25-cv-1711 |

## NOTICE REGARDING TEMPORARY RESTRAINING ORDER HEARING

Plaintiff Best Drinks, LLC respectfully submits this Notice to advise the Court of recent developments relevant to its pending Emergency Motion for Temporary Restraining Order (ECF No. 2). Plaintiff believes that these developments obviate the need for the TRO hearing currently scheduled for November 3, 2025, at 11:00 a.m.

On October 18, 2025, Plaintiff filed an Amended Complaint (ECF No. 15) adding twenty-six domain names as *in rem* Defendants and asserting an additional *in rem* claim under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. §1125(d), based on the location of the property at VeriSign, Inc., the .com registry operator headquartered in Reston, Virginia.

On October 22, 2025, as required under the ACPA, Plaintiff filed a Registry Certificate (ECF No. 18) with the Court, and promptly served the official, stamped copy on VeriSign. On October 24, 2025, VeriSign informed Plaintiff that it had accepted the Registry Certificate and recognized this Court's jurisdiction by placing all twenty-six Domain Names on "ServerTransferProhibited" and "ServerDeleteProhibited" status. This action prevents the Domain Names from being transferred or deleted during the pendency of this case, while allowing Plaintiff to continue using them in the normal course of business.

By accepting the Registry Certificate, VeriSign has effectively ensured that the status quo will remain in place unless and until directed otherwise by this Court. This action accomplishes precisely the interim relief Plaintiff sought through its TRO motion—preserving the Domain Names and preventing any change in their registration or control while the case proceeds on the merits.

Accordingly, Plaintiff respectfully submits that there appears to be no immediate need for further action on the TRO motion or for the hearing currently scheduled for November 3, 2025, unless the Court wishes to proceed. Should the Court determine that a hearing remains appropriate, Plaintiff requests 24 to 48 hours' notice to file its reply memorandum in response to Defendant's Opposition (ECF No. 21).

Although Plaintiff seeks to withdraw the TRO motion as moot in light of VeriSign's implementation of the Registry Certificate, Plaintiff intends to vigorously pursue the merits of this action and expressly reserves all rights and arguments, including those raised in its Emergency Motion for Temporary Restraining Order (ECF No. 2), as well as Plaintiff's Response to Defendant's Objection to Notice Of Hearing and Supplement in Support of Emergency Motion For Temporary Restraining Order (ECF No. 14).

1 | DATED: October 27, 2025

Respectfully submitted,

/s/ Jeffrey J. Neuman
Jeffrey J. Neuman (VSB 41744)
JJN Solutions, LLC
9445 Brenner Ct.
Vienna, VA 22180
Tel: (202) 549-5079
Jeff@jjnsolutions.com

*Attorney for Plaintiff, Best Drinks, LLC*

3