UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BEST DRINKS, LLC, | ) |
| | ) |
|     *Plaintiff,* | ) |
| | ) |
| v. | )   Case No. 1:25cv01711 (PTG/LRV) |
| | ) |
| CONSORZIO DI TUTELA DELLA | ) |
| DENOMINAZIONE DI ORIGINE | ) |
| CONTROLLATA PROSECCO, | ) |
| | ) |
|     *Defendant.* | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
<u>ALTERNATIVE SERVICE UNDER FED. R. CIV. P. 4(f)(3)</u>
[Filed by Special Appearance]**

# TABLE OF CONTENTS

|     | Page |
| --- | --- |
| TABLE OF AUTHORITIES | ii |
| INTRODUCTION | 1 |
| BACKGROUND | 3 |
|     A.  Plaintiff's Repeatedly Represented That Hague Service Was Underway | 3 |
|     B.  Plaintiff's Subsequent Inaction | 4 |
|     C.  Consorzio Has Not Refused Service | 5 |
| ARGUMENT | 6 |
| I.  THE COURT SHOULD DENY ALTERNATIVE SERVICE | 6 |
|     A.  Plaintiff Should Be Held to Its Prior Representations | 6 |
|     B.  Rule 4(f)(3) Does Not Excuse Plaintiff's Lack of Diligence | 6 |
|     C.  The Cases Plaintiff Cites Do Not Support Its Position | 7 |
|     D.  Service on Counsel Who Lack Authority Is Ineffective | 9 |
|     E.  Plaintiff's Claimed Burden Is Overstated and Could Have Been Avoided | 10 |
| II.  IF THE COURT GRANTS THE MOTION, CONSORZIO REQUESTS 90 DAYS TO RESPOND | 11 |
| III.  PRESERVATION OF DEFENSES | 11 |
| CONCLUSION | 12 |

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*,
  733 F.2d 1087 (4th Cir. 1984) .................................................................................. 8

*Blessing v. Chandrasekhar*,
  988 F.3d 889 (6th Cir. 2021) ..................................................................................... 5

*Brown-Thomas v. Hynie*,
  367 F. Supp. 3d 452 (D.S.C. 2019) ...................................................................... 7, 8

*Davies v. Jobs & Adverts Online, GmbH*,
  94 F. Supp. 2d 719 (E.D. Va. 2000) .......................................................................... 2

*KG Marine, LLC v. VICEM Yat Sanayi ve Ticaret AS*,
  24 F. Supp. 3d 312 (W.D.N.Y. 2014) ........................................................................ 6

*Nat'l Equip. Rental, Ltd. v. Szukhent*,
  375 U.S. 311, 84 S. Ct. 411 (1964) ........................................................................... 8

*New Hampshire v. Maine*,
  532 U.S. 742 (2001) .................................................................................................. 5

*Noco Co. v. CF Grp. SZKMS Co.*,
  571 F. Supp. 3d 862 (N.D. Ohio 2021) ................................................................. 6, 9

*In re Oneplus Tech. Co.*,
  No. 2021-165, 2021 U.S. App. LEXIS 27282 (Fed. Cir. Sep. 10, 2021) .................. 6

*Rio Properties, Inc. v. Rio International Interlink*,
  284 F.3d 1007 (9th Cir. 2002) .................................................................................. 7

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
  486 U.S. 694(1988) ................................................................................................... 9

*WhosHere, Inc. v. Orun*,
  Civil Action No. 1:13-cv-00526-AJT-TRJ, 2014 U.S. Dist. LEXIS 22084
  (E.D. Va. Feb. 20, 2014) ........................................................................................... 7

**Statutes**

15 U.S.C. § 1114(2)(D)(v) ............................................................................................. 11

15 U.S.C. § 1125(d)(2) .................................................................................................. 11

**Rules**

Fed. R. Civ. P. 4 .............................................................................................................. 8

Fed. R. Civ. P. 4(d)(3) ............................................................................................. 3, 10, 11

Fed. R. Civ. P. 4(f)(3) ................................................................................................ 1, 3, 6

Fed. R. Civ. P. 12 ............................................................................................................. 11

## INTRODUCTION

Defendant Consorzio di Tutela della Denominazione di Origine Controllata Prosecco ("Consorzio"), by Special Appearance and through undersigned counsel, respectfully opposes Plaintiff Best Drinks, LLC's Motion for Alternative Service Under Fed. R. Civ. P. 4(f)(3) (Dkt. No. 25). This Opposition does not waive, and expressly preserves, Consorzio's objections to lack of proper service, personal jurisdiction, subject matter jurisdiction, and all other available defenses.

Plaintiff's motion should be denied. Plaintiff chose to sue an Italian entity, and the requirements of Hague Convention service were foreseeable from the moment that Plaintiff filed this action. This is particularly so here, where this action was filed weeks after Consorzio commenced proceedings in the United Kingdom against the principals behind Best Drinks LLC arising from the same underlying dispute. (Brownlow Decl. ¶¶ 7-8, Dkt. No. 21-1, re-attached hereto as Exhibit 1 for ease of convenience.) Plaintiff cannot now claim surprise at the ordinary requirements of serving a foreign defendant, nor use those requirements as a basis to circumvent treaty obligations. Moreover, there are at least three independent reasons to deny the motion:

First, Plaintiff should be held to its prior representations. On October 16, 2025, Plaintiff told this Court it was "in the process of serving the Defendant in accordance with the Hague Convention." (Dkt. No. 14 at 7.) Six days later, Plaintiff confirmed to opposing counsel that it was "presently completing service" under the Hague Convention. (Brownlow Decl. ¶ 27, Dkt. No. 21-1.) Yet Plaintiff's own exhibits show that it did not even obtain a cost estimate from a Hague service vendor until November 20, 2025, *a full month later*. (Dkt. No. 25-2.) Having twice committed to Hague service and done nothing to pursue it, Plaintiff should not be permitted to abandon that position, just because it is now expedient for Plaintiff to do so.

Second, Plaintiff's proposed service methods are legally defective. Plaintiff asks to serve both U.S. counsel and Bird & Bird LLP in London. Not only has the undersigned U.S. counsel appeared by Special Appearance specifically to preserve jurisdictional objections, not to accept service, Consorzio has not authorized counsel to do so. *See Davies v. Jobs & Adverts Online, GmbH*, 94 F. Supp. 2d 719, 722 (E.D. Va. 2000) (court held service on a German corporation insufficient because: (1) plaintiff failed to "comply[]with the dictates of the Hague Convention" and (2) "[counsel] cannot be defendant's agent for the purposes of receiving service of process merely by virtue of the fact that he is defendant's attorney" without explicit authority to do so). As for Bird & Bird LLP, Plaintiff's own email acknowledged that Bird & Bird LLP "does not represent Consorzio in the U.S. proceedings." (Brownlow Decl. ¶ 27). Bird & Bird LLP represents Consorzio in separate UK proceedings; it does not represent Consorzio in this case. Indeed, the original summons was erroneously directed to Laura Gray at Bird & Bird LLP (Dkt. No. 6), even though Bird & Bird LLP has never appeared here. Service on counsel who do not represent the Italian defendant in this action is not effective service.

Third, the burden that Plaintiff complains of is largely self-inflicted. Consorzio would not object to Hague Convention service of the Summons, Complaint, and Amended Complaint *without* the exhibits. But Plaintiff never asked. Instead, despite representing to this Court and opposing counsel that Hague service was underway, Plaintiff did nothing for weeks, finally obtained a price quote on November 20, and filed this motion three days later. Had Plaintiff pursued Hague service with even a modicum of diligence, or simply asked whether Consorzio would accept service without the voluminous exhibits, the burden it now complains of would have largely evaporate.

Plaintiff's claim that Consorzio "refused" service is also incorrect. (Dkt. No. 25 at 3.) Plaintiff sent a single email to U.S. counsel at 7:12 a.m. on Veterans Day, gave only three business days to respond, and never followed up on the email before filing this motion. Counsel

2

for Consorzio did not "ignore the email," but instead did not see the email until it was attached to Plaintiff's motion -- and counsel for Corsorzio apologizes to the Court and counsel for Plaintiff for any confusion that this has caused. Tellingly, however, Plaintiff did not even have a cost estimate at that time, and it did not meaningfully engage with a Hague vendor until nine days later. Consorzio has consistently engaged with this litigation, appearing by Special Appearance, filing substantive briefing, and participating in Court proceedings. This is not obstruction.

In sum, Consorzio respectfully submits that the Court should deny the motion. After suing an Italian entity, Plaintiff represented twice that Hague service was underway, and now seeks to escape treaty obligations it acknowledged. That is not a basis for Rule 4(f)(3) relief.

In the alternative, should the Court nonetheless decide to grant the motion, Consorzio respectfully requests that the Court afford it 90 days to respond. While Rule 4(d)(3) provides 90 days for foreign <u>defendants who waive service</u>, Consorzio submits that the same considerations (the need to gather documents and coordinate with counsel across international jurisdictions) warrant a similar period here, particularly given that Plaintiff's own delay has compressed the time Consorzio would otherwise have had to prepare.

## BACKGROUND

### A. Plaintiff's Repeatedly Represented That Hague Service Was Underway

Plaintiff filed this action on October 7, 2025. (Dkt. No. 1.) When Consorzio objected to the lack of proper service, Plaintiff made two separate written representations that it was actively pursuing Hague Convention service.

At the outset, on October 16, 2025, Plaintiff stated in its Response to Consorzio's Objection:

> *Plaintiff is in the process of serving the Defendant in accordance with the Hague Convention and given the news coverage (See Exhibits A-C), Defendant had notice of the action.*

(Dkt. No. 14 at 7.)

Moreover, on October 22, 2025, Plaintiff's counsel sent an email to both Bird & Bird LLP (Consorzio's U.K. counsel in related proceedings) and to undersigned U.S. counsel. As confirmed in the Declaration of Peter Brownlow filed in this action:

> *[C]ounsel for Best Drinks, LLC send an email to both Bird & Bird LLP and to Mr. Charles Molster, U.S. counsel for Consorzio. That email acknowledged that Bird & Bird LLP does not represent Consorzio in the U.S. proceedings and confirmed that Best Drinks is presently completing service of process on the Consorzio under the Hague Convention.*

(Brownlow Decl. ¶ 27, Dkt. No. 21-1.)

These were not casual statements. Plaintiff made these representations after Consorzio objected to Plaintiff's *ex parte* TRO motion, challenging Plaintiff's failure to provide notice and the absence of proper service under the Hague Convention. (Dkt. No. 9.) Facing these objections, and in direct response to the service defects Consorzio raised, Plaintiff assured the Court that Plaintiff was pursuing Hague service. Yet Plaintiff's own exhibits belie that assertion, showing that it took no meaningful steps to do so; it did not even obtain a cost estimate from a Hague service vendor until November 20, 2025. (Dkt. No. 25-2.)

### B. Plaintiff's Subsequent Inaction

Despite these representations, Plaintiff's own exhibits reveal that it did not even engage a Hague service vendor until on or about November 20, 2025, *nearly a full month after its October 22 email*. The engagement letter from Viking Advocates, LLC is dated November 20, 2025. (Dkt. 25-2.)

The docket confirms the timeline:

- October 7, 2025: The Complaint is filed (Dkt. No. 1)
- October 16, 2025: Plaintiff represents to this Court that it is "in the process" of Hague service (Dkt. No. 14 at 7)
- October 22, 2025: Plaintiff emails UK counsel confirming it is "completing" Hague service (Brownlow Decl. ¶ 27, Dkt. No. 21-1)

4

- November 11, 2025: Plaintiff first asks U.S. counsel to accept service informally—29 days after representing that Hague service was underway (Dkt. No. 25 at 3; Dkt. No. 25-1)
- November 20, 2025: Plaintiff finally communicates with a Hague service vendor and receives a price quote (Dkt. No. 25-2)
- November 23, 2025: Motion for Alternative Service filed—3 days after receiving the price quote (Dkt. No. 25)

In other words, Plaintiff made two written representations that Hague service of process was underway, then did nothing to pursue it for weeks. Having created the delay it now complains of, Plaintiff asks this Court to excuse it from the treaty obligations that both the United States and Italy have undertaken.

### C. Consorzio Has Not Refused Service

Plaintiff characterizes undersigned counsel's failure to respond to the November 11, 2025 email as a "refusal" to accept service. (Dkt. No. 25 at 3.) This mischaracterizes what occurred. The email was sent at 7:12 a.m. and was inadvertently missed during a busy period that included the Veterans Day holiday (note that the email exhibit attached to the motion seems to display a different time zone, showing 12:12 p.m., instead of 7:12 a.m.). Plaintiff's email gave undersigned counsel until November 14 (three business days) to respond. When no response came, Plaintiff did not follow up by telephone, by a second email, or by any other means before filing this motion nine days later.

Consorzio has consistently engaged with this litigation. It appeared by Special Appearance to protect its interests (Dkt. No. 9), filed substantive briefing opposing Plaintiff's TRO motion (Dkt. No. 21), and participated in Court proceedings. This conduct demonstrates engagement, not obstruction. *See Blessing v. Chandrasekhar*, 988 F.3d 889, 897 (6th Cir. 2021) (filing notice of appearance and participating in litigation does not waive personal jurisdiction defense where defendant raises defense in first responsive pleading).

**ARGUMENT**

I. **THE COURT SHOULD DENY ALTERNATIVE SERVICE**

   A. **Plaintiff Should Be Held to Its Prior Representations**

"Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position." *New Hampshire v. Maine*, 532 U.S. 742 (2001). The purpose of this principle is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment. *Id.*

Here, Plaintiff twice represented, to the Court and to opposing counsel, that it was completing service of process under the Hague Convention. These representations were made in direct response to Consorzio's objections raising service of process defects. Plaintiff should not be permitted to abandon that position simply because it has now decided that Hague service is inconvenient. Importantly, Plaintiff has offered no explanation for the month-long gap between its representations to the Court and opposing counsel and its first meaningful contact with a Hague service vendor on November 20, 2025. Instead, Plaintiff sat on its obligation to properly service Defendant under international law, and now seeks to backdoor that process.

   B. **Rule 4(f)(3) Does Not Excuse Plaintiff's Lack of Diligence**

While Rule 4(f)(3) grants district courts discretion to authorize alternative service, the Federal Circuit has expressed concern about invoking this provision merely because Hague service of process is expensive or slow. In *In re Oneplus Tech. Co.*, No. 2021-165, 2021 U.S. App. LEXIS 27282 (Fed. Cir. Sep. 10, 2021), the Federal Circuit noted its "concerns" that the district court had authorized alternative service merely "because it regarded the Hague Convention procedure as slow and expensive." *Id.* at *9. The court cautioned that "Rule 4(f)(3) was not meant to displace the other rules for service in every instance in which alternative means of service are seen as more convenient." *Id.* However, *In re Oneplus* is not alone; other courts have addressed this issue and held that parties must comply with the Hague procedure

where, as Plaintiff claims, the only issue is delay or expense. *See Noco Co. v. CF Grp. SZKMS Co.*, 571 F. Supp. 3d 862, 870 (N.D. Ohio 2021) ("Plaintiff has not identified any special circumstances warranting relief in this case beyond the delay and expense of complying with the procedures of the Hague Convention. Accordingly, the Court declines to grant leave for service by email to [defense counsel]"); *KG Marine, LLC v. VICEM Yat Sanayi ve Ticaret AS*, 24 F. Supp. 3d 312, 315 (W.D.N.Y. 2014) (court denied plaintiff's motion when it merely stated service under the Hauge Convention "is very costly and time consuming," and ordering plaintiff it to make reasonable attempts to obtain service before seeking court intervention).

That is precisely what Plaintiff seeks here. Its motion is based entirely on the alleged cost ($17,775) and delay (several months) of Hague service of process, costs and delays that were foreseeable when Plaintiff chose to sue an Italian entity in the U.S. Plaintiff offers no explanation for why it represented to the Court that Hague service was underway, then failed to pursue it for over a month.

### C. The Cases Plaintiff Cites Do Not Support Its Position

None of the cases Plaintiff cites support bypassing the Hague Convention under these circumstances.

Plaintiff relies primarily on *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007 (9th Cir. 2002). But *Rio Properties* involved a defendant "an elusive international defendant, striving to evade service of process." *Id.* at 1016. The defendant's only U.S. address was a courier not authorized to accept service, and the defendant "had neither an office nor a door; it had only a computer terminal." *Id.* at 1018. Here, Consorzio is a well-established Italian governmental consortium with a fixed address. It has retained U.S. counsel who has appeared (by Special Appearance) and filed substantive briefing. Consorzio is not hiding; it is engaged. The situations are not comparable.

Plaintiff also cites *WhosHere, Inc. v. Orun*, Civil Action No. 1:13-cv-00526-AJT-TRJ, 2014 U.S. Dist. LEXIS 22084 (E.D. Va. Feb. 20, 2014), but the plaintiff in *WhosHere* actually attempted Hague Convention service through the Turkish Central Authority, which failed because the defendant could not be found at the address provided. *Id.* at *3-4. Only after Hague service was attempted and failed did the court authorize alternative service. Here, Plaintiff has never attempted Hague service at all. It obtained a quote, decided it was too expensive and not convenient, and filed this motion three days later. *WhosHere* does not support bypassing Hague service without even trying.

Most troubling, is Plaintiff's reliance on *Brown-Thomas v. Hynie*, 367 F. Supp. 3d 452 (D.S.C. 2019), where Plaintiff asserted that the case involved "a defendant located in Italy" and supports authorizing alternative service based on actual notice. (Dkt. No. 25 at 5.) This is wrong on both counts.

The defendants in *Brown-Thomas* resided in the United Kingdom, not Italy. 367 F. Supp. 3d at 459 ("Defendant Hynie and Defendant Brown, both of whom reside in the United Kingdom"). In fact, **Italy is not even mentioned anywhere in the opinion.**

More fundamentally, *Brown-Thomas* does not support Plaintiff's position; instead, it undermines it. In that case, the plaintiffs hired a process server in the UK who left the complaint at the defendants' residence. The court found this service insufficient because the process server failed to comply with UK procedural rules requiring involvement of a Senior Master. *Id.* at 467. Despite finding that the defendants had actual notice, the court did not excuse the plaintiffs from Hague compliance. Instead, the court ordered plaintiffs to properly serve defendants under the Hague Convention within 120 days. *Id.* at 468-69.

Further, Plaintiff relies on the case of *Omeara v. Waters*, 464 F. Supp. 2d 474 (D. Md. 2006). But that case involved service of process in the United States on an employee of the IRS, and **had no relation at all to the Hague Convention.** Moreover, the *O'Meara* "liberal

construction" language Plaintiff quotes appeared in the court's explanation of why it would not dismiss the case despite insufficient service, not as authorization to skip Hague service of process entirely. Even in that case, the court expressly stated that "however, plain requirements for the means of effecting service of process may not be ignored" *Id.* at 476 (quoting *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).

In short, *Omeara* is completely inapposite to the case at bar, and *Brown-Thomas* actually holds that even when a defendant has actual notice, a plaintiff must still comply with the Hague Convention. The court's remedy was not to excuse Hague service, but to give plaintiffs another opportunity to do it correctly. That is the opposite of what Plaintiff seeks here.

### D. Service on Counsel Who Lack Authority Is Ineffective

Plaintiff seeks to serve both undersigned U.S. counsel and Bird & Bird LLP in London. (Dkt. No. 25 at 8.) This approach fails for multiple reasons.

As an initial matter, an attorney must have explicit authorization from the client to accept service. The mere attorney-client relationship does not, by itself, confer such authority. In *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 84 S. Ct. 411 (1964), the Supreme Court held that service on an agent is valid only where the agent is "authorized by appointment" to receive process, in that case, through a written contractual designation. Here, there is no such designation. Undersigned counsel's Special Appearance was filed expressly to preserve Consorzio's objections to service, personal jurisdiction, and other defenses. Consorzio has not authorized U.S. counsel to accept service on its behalf. It would be incongruous for the Court to use an appearance made solely to avoid waiver as the basis for authorizing service of process.

Moreover, Plaintiff offers no explanation for why it seeks to serve UK counsel for an Italian defendant. Bird & Bird LLP represents Consorzio in *separate UK proceedings*, not in this case. As Plaintiff itself acknowledged in its October 22, 2025 email, Bird & Bird "does not represent Consorzio in the U.S. proceedings." (Brownlow Decl. ¶ 27, Dkt. No. 21-1.) Service

on counsel who does not represent the defendant in *these* proceedings is ineffective. *See Noco Co.*, 571 F. Supp. 3d at 869-70 (court held service on *prior* counsel or current counsel in other matters does not satisfy due process).

In any event, service on Bird & Bird LLP in London *does* implicate the Hague Convention. The United Kingdom is a Hague Convention signatory. Plaintiff's own authority, *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988), holds that the Hague Convention applies when service must be effected abroad. Service on U.K. counsel would require transmission of documents to a foreign country, precisely what *Schlunk* held triggers the Convention. Plaintiff cannot invoke the "domestic counsel" exception while simultaneously seeking to serve counsel located in London.

### E. Plaintiff's Claimed Burden Is Overstated and Could Have Been Avoided

Plaintiff's motion rests on the asserted cost ($17,775) and delay (up to nine months) of Hague Convention service of process. (Dkt. No. 25 at 4-5.) But the bulk of this burden ($15,600 of the total cost) consists of translation fees. (Dkt. No. 25-2.) And Plaintiff itself acknowledges that "many of the materials Italy would require to be translated are the Consortium's own documents, making the translation requirement particularly wasteful." (Dkt. No. 25 at 5.)

Consorzio does not require translated copies of its own documents to understand the claims against it. Consorzio represents that it would not object to Hague Convention service of the Summons, Complaint, and Amended Complaint without the accompanying exhibits. Had Plaintiff explored this option before filing its motion, rather than assuming Consorzio would be uncooperative, the cost and delay on which Plaintiff's motion relies could have been substantially reduced or eliminated.

Plaintiff never made this inquiry. Instead, it obtained a quote for full translation of all materials, then filed this motion three days later. The burden Plaintiff complains of is largely a consequence of its own assumptions and inaction, not any intransigence by Consorzio.

## II. IF THE COURT GRANTS THE MOTION, CONSORZIO REQUESTS 90 DAYS TO RESPOND

Should the Court grant Plaintiff's motion, Consorzio respectfully requests that it be afforded 90 days from the date of service to respond to the Complaint.

Federal Rule of Civil Procedure 4(d)(3) provides that a defendant located outside the United States who waives formal service is entitled to 90 days to respond. Although this is not a waiver situation, Rule 4(d)(3) reflects a considered judgment that foreign defendants reasonably require additional time to gather documents, consult with counsel across multiple jurisdictions, and prepare a defense. That rationale applies with equal force here.

Moreover, had Plaintiff pursued Hague Convention service as it twice represented it would, Consorzio would have had months to prepare its response while service was being effected. Consorzio should not be prejudiced by Plaintiff's decision to abandon that course.

Defendant respectfully submits that 90 days, the period the Federal Rules provide for foreign defendants who waive service, would be appropriate here.

## III. PRESERVATION OF DEFENSES

This Opposition is filed by Special Appearance and without waiver of any defense. Consorzio expressly reserves and preserves all objections and defenses, including but not limited to: (1) lack of proper service of process; (2) lack of personal jurisdiction; (3) lack of subject matter jurisdiction; (4) improper venue; (5) insufficient process; (6) failure to state a claim; (7) international comity; and (8) all other defenses available under Fed. R. Civ. P. 12 or otherwise. Consorzio further preserves all challenges to Plaintiff's invocation of *in rem* jurisdiction under 15 U.S.C. § 1125(d)(2) and its reliance on 15 U.S.C. § 1114(2)(D)(v), including whether Plaintiff satisfies the statutory prerequisites for either provision.

Nothing in this Opposition shall constitute a general appearance or waiver of any defense.

**CONCLUSION**

For the foregoing reasons, Consorzio respectfully requests that the Court deny Plaintiff's Motion for Alternative Service. Consorzio would not object to Hague Convention service of the Summons and Complaints without the exhibits, which would substantially reduce the cost and delay on which Plaintiff's motion relies.

In the alternative, should the Court grant the motion, Consorzio requests that it be afforded 90 days to respond. Fed. R. Civ. P. 4(d)(3) provides 90 days for foreign defendants who waive formal service; Consorzio respectfully submits that a similar period would be appropriate here, given that Consorzio would have had months to respond had Plaintiff pursued the Hague Convention service that it twice represented was underway.

Dated: December 4, 2025

                                                      Respectfully submitted,

                                                      /s/ Charles B. Molster, III
Charles B. Molster, III (Va. Bar No. 23613)
LAW OFFICES OF CHARLES B. MOLSTER, III PLLC
1901 Pennsylvania Avenue, N.W., Ste. 610
Washington, DC 20005
Telephone: (703) 346-1505
Email: cmolster@molsterlaw.com

*Counsel for Defendant Consorzio di Tutela della Denominazione di Origine Controllata Prosecco (by Special Appearance)*

**<u>Certificate of Service</u>**

I hereby certify that I have filed the forgoing document using the Court's ECF system, which will send copies to all counsel of record.

<u>/s/ Charles B. Molster, III</u>
Charles B. Molster, III